UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BILL MARTIN, et al., individually and on behalf of all others similarly situated, )<br>)<br>)<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>BIO-LAB, INC., et al., )<br>)<br>Defendants. ) | CIVIL ACTION<br>NO. 05 CV 835 CC<br><br>JURY TRIAL REQUESTED |

**SECOND AMENDED CLASS ACTION COMPLAINT
FOR DAMAGES AND FOR DECLARATORY JUDGMENT**

COME NOW, Bill Martin, John Burks, Betty Boze, Essie Lee Kelly, Brian Holt, and Barbara Parham, by and through the undersigned counsel, and respectfully represent on their own behalf, and on the behalf of all others similarly situated, under the procedure authorized by Local Rule 15.1, N.D.Ga, amend the First Amended Class Action Complaint for Damages and for Declaratory Judgment as follows:

1.      The entire First Amended Class Action Complaint for Damages and for Declaratory Judgment ("the Complaint"), with the exception of Counts Five

and Six (paragraphs 44-59) are incorporated by reference into this Second Amended Class Action Complaint for Damages and for Declaratory Judgment.

2. On July 21, 2005, om Defendants' motion, the Court dismissed Count Five of the First Amended Class Action Complaint. Upon oral argument, the Court granted Plaintiffs' motion to amend Count Six of the First Amended Class Action Complaint for Damages and for Declaratory Judgment. This Second Amended Class Action Complaint is submitted in accordance with the Court's Order.

### COUNT SIX(A) – MUTUAL MISTAKE IN CLAIMS SOLICITATION AND PROCESSING O.C.G.A. §§ 23-2-21 and 23-2-31

3. Plaintiffs hereby adopt by reference all allegations of law and fact pled in the Complaint.

4. This Count applies only to those Plaintiffs, including Ms. Parham, and Class members who received "inconvenience checks" from Defendants, including, but not limited to, Gallagher Bassett. These "inconvenience checks" contained preprinted release language that stated "Full and Final Settlement of Any and All Claim [sic]" or similar language to similar effect.

5. Subsequent to May 25, 2004, Defendants, and/or their claims processor Gallagher Bassett and its agents, communicated with Plaintiffs and the

Class members regarding compensation for some of their expenses and inconvenience suffered as a consequence of the May 25, 2004 Fire.

6. In those discussions, Defendants, and/or their claims processor Gallagher Bassett and its agents, represented to Plaintiffs and the Class members that the Defendants would provide compensation for their inconvenience experienced as a result of the Fire.

7. In their discussions with Plaintiffs and the Class members, Defendants and their agents, including but not limited to Gallagher Bassett, represented to Plaintiffs that any payment given to pay for inconvenience as a result of the Fire would only cover the agreed upon inconvenience and would not result in waiver or release of any claims Plaintiffs and the Class members may have for personal injury or any other damages.

8. Contrary to Defendants', Plaintiffs', and the Class members' agreement, and by mutual mistake of the parties, the checks issued to Plaintiffs and the class members erroneously included language releasing all claims including personal injury, other expenses or claims associated with the Fire. This language was placed upon the checks due to a clerical error.

9. All parties, including Defendants, Plaintiffs, and the Class members who received "inconvenience checks" from Defendants and/or Gallagher

Bassett, were reasonably of the belief the checks issued for inconvenience did not release Defendants or Gallagher Bassett for any claims beyond those agreed upon, pursuant to their actual agreement and intent prior to the mutual mistake.

10. Defendants Great Lakes and Bio-Lab, Inc., have affirmed in the attached letter to the Superior Court of Rockdale County that the releases were mistakenly printed on the checks they issued for inconvenience. Exhibit "1".

11. Plaintiffs and Class members have been injured by the release printed on the "inconvenience checks", as they, and Defendants mistakenly settled claims not mutually intended to be released.

12. At the time Defendants solicited and processed "inconvenience checks," they were aware of class action lawsuits which were filed on behalf of all persons affected by the Fire, including the recipients of the inconvenience checks. In spite of Defendants' knowledge of the, then pending, class action lawsuits, Defendants did not inform Plaintiffs and the Class members of the existence of the, then pending, class action lawsuits, nor did they advise Plaintiff and the Class members that the checks would be endorsed, or interpreted by Defendants, as full and final settlement of any claim, a check recipient might have had in connection with the Fire.

13. Specifically, with regard to Ms. Parham, a mutual mistake occurred as follows:

   a. Subsequent to May 25, 2005, Ms. Parham contacted Defendants' claims office seeking to make a claim.

   b. Shortly thereafter a claims adjuster, Mr. Cantrell, contacted Ms. Parham, and offered her $75.00 for her inconvenience, which Ms. Parham accepted.

   c. Then, Defendants sent Ms. Parham a check for $75.00, which had printed on it the words "Full and Final Settlement of Any and All Claim [sic]."

   d. Neither Ms. Parham, nor Mr. Cantrell, nor any Defendants, intended for the $75.00 check to Ms. Parham to be a full settlement of all of her claims.

   e. The language included on the check was mistakenly printed on the check and contrary to the intent of all parties.

14. In all cases in which inconvenience checks were issued to Plaintiffs and Class member, all the parties committed the same or substantially similar mutual mistake as alleged.

15. Plaintiffs, and the Class members, therefore, demand reformation of all "inconvenience checks" to delete the release language printed on the checks, as was as was mutually intended by the parties. Reformation is a remedy provided in cases of mutual mistake by O.C.G.A. §§ 23-2-21 and 23-2-31.

## COUNT SIX(B):  FRAUDULENT CONCEALMENT OF A MATERIAL FACT SOUNDING IN TORT

16. Plaintiffs hereby adopt by reference all allegations of law and fact pled in the Complaint.

17. This count applies only to the claims of those Plaintiffs and Class members who signed separate releases or contracts with Defendants, including Great Lakes, Bio-Lab, Inc., and/or Gallagher Bassett, or any other claims processor retained by or for Defendants. It does not apply to releases for inconvenience, discussed *supra*.

18. Defendants fraudulently and systematically suppressed material facts in their solicitation of settlements and releases from Plaintiff Brian Holt and members of the Class.

19. Upon information and belief, Defendants developed and systematically used a set script or scripts, which they issued to their representative to use in their solicitation of settlements and releases from Mr. Holt and the Class members.

20. Defendants intentionally withheld from the scripts any mention of future health risks of exposure to Chlorine, or any other chemical released in the toxic plume, in their script and representations made to Mr. Holt, and the Class members.

21. Defendants intentionally instructed their representatives to downplay the dangers of chemical exposure associated with the fire.

22. Likewise, Defendants intentionally instructed their representatives to ignore, disparage or downplay the existence of any class action lawsuits filed in this manner when they discussed settlement with Mr. Holt and the Class members.

23. Defendants instructed their representatives to either downplay or deny the existence of any class action lawsuits or possible future health dangers of exposure to the chemicals in the toxic plume, even when directly asked or inquired by Mr. Holt or the Class members.

24. When speaking with Mr. Holt and the Class members, Defendants and their representatives ignored or intentionally denied the dangerous health effects of chemical exposure and the existence of class action lawsuits in this matter. The Defendants intended to deceive and mislead Mr. Holt and the Class members into believing there were no significant future dangers from their chemical exposure and with the intent to prevent them from joining in a class action lawsuit, all pursuant to a single common scheme to defraud.

25. Defendants' representatives followed Defendants' guidance and, in every circumstance, when speaking with Mr. Holt and the Class members, acted and represented things as alleged in this count, pursuant to the instructions provided to them.

26. Specifically, in the case of Mr. Holt, Defendants' representatives did as follows:

   a. In June, 2004, Mr. Holt contacted Defendants' claims adjustor and stated that he wished to make a claim.

   b. Defendants' adjustor came to Mr. Holt's place of employment and gave him a check.

   c. Upon presenting the check, the adjustor told Mr. Holt to sign a release.

  d. The release Mr. Holt signed purported to release substantially all claims, past, present, and future, that Mr. Holt might have had against Defendant Bio-Lab.

  e. Prior to presenting, and upon presentment of the release, the claims adjustor did not tell Mr. Holt about the, then known, existence of any class action lawsuits, to which he might be a class member claimant.

  f. Prior to presenting, and upon presentment of the release, the claims adjustor did not inform Mr. Holt about any of the health risks, known to Defendants, to be associated with exposure to the chemical cloud.

  27. Defendants, in their representations to Class members, in circumstances substantially similar, conducted themselves, and made representations, that were substantially similar to those made to Mr. Holt.

  28. Defendants had a duty to reveal to Plaintiffs, including Mr. Holt and the Class members, the dangers of future health affects of chlorine and chemical exposures associated with the toxic plume, as well as a duty to reveal the existence of pending class actions in which Mr. Holt and the Class members were putative and/or actual Class members.

29. Mr. Holt and the Class members, who signed personal injury releases, reasonably relied on Defendants' representatives fraudulent assertions and omissions and entered into what purported to be personal injury releases.

30. To the extent that Mr. Holt and the Class members have suffered significant personal injury, that was undiscovered or latent at the time they signed the releases, and / or to the extent they have had any of their rights in this action covertly extinguished by Defendants' fraudulent suppression of material facts, they were misled and injured in the amount of their additional injury not contemplated in their settlements; all as a foreseeable and intended consequence of Defendants' fraud.

26. Thus, Mr. Holt and the Class members seek in tort for the damages they suffered.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, for themselves, and for all those similarly situated, pray for the following relief against Defendants:

1. That, as soon as practicable, the Court certifies this action as a class action;

2. That there be a trial by jury on all issues in this case allowed by law;

3. That the Court reforms any purported settlements based on mutual mistake;

4. That there be judgment in favor for the Plaintiffs, and the Class so certified, and against the Defendants Great Lakes, Bio-Lab, Inc., Gallagher Bassett, and Larry Bloom, jointly and severally, for the full amount of legal and equitable damages suffered by Plaintiffs and the Class, including compensatory damages in an amount proven at trial;

5. That there be judgment for Punitive damages in favor of the Plaintiffs and the entire Class in the amount of $450,000,000.00;

6. That there be judgment in favor of Plaintiffs, and the Class, against Defendants Great Lakes, Bio-Lab, Inc., Gallagher Bassett, and Larry Bloom jointly and severally, for legal interest, court costs, attorneys' fees and expenses, as allowed by law; and,

7. For all other legal and equitable relief, including, but not limited to, medical monitoring, declaratory judgment, and injunctive relief as the Court deems equitable and just.

**LOCAL RULE 7.1 (D) CERTIFICATION**

The undersigned counsel for Plaintiffs herby certifies that the foregoing *Second Amended Class Action Complaint For Damages and For Declaratory Judgment* has been prepared in accordance with one of the fonts (Book Antigua) and point selections (13 pt) approved by the Court in Local Rule 5.1(B) and (C).

Respectfully submitted, this 29th day of July, 2005, by:

/s/   Roger W. Orlando
Roger W. Orlando, Esq.
Orlando & Kopelman, P.C.
Suite 400
315 West Ponce de Leon Avenue
Decatur, GA  30030

| | |
|---|---|
| Seth Cortigene, Esq. | Mark A. Tate, Esq. |
| The Cortigene Law Firm | Carter & Tate, P.C. |
| Suite 190 | P.O. Box 9060 |
| 1200 State Highway 146 South | Savannah, GA  31412 |
| LaPorte, TX  77571 | |
| | |
| M. David Karnas, Esq. | W. Lewis Garrison, Jr., Esq. |
| Bellovin & Karmas, P.C. | Garrison Scott & Gamble, P.C. |
| 100 North Stone Road | 2224 First Avenue North |
| Eleventh Floor, Suite 1105 | Birmingham, AL  35203 |
| Tucson, Arizona  85701 | |
| | Barry G. Reed, Esq. |
| | Zimmerman Reed, FLPP |
| | 14646 N. Kierland Blvd., Suite 145 |
| | Scottsdale, AZ  85254 |

**COUNSEL FOR PLAINTIFFS**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| BILL MARTIN, et al., individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO. 05 CV 835 CC |
| v. | ) ) | |
| BIO-LAB, INC., et al., | ) ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on July 29, 2005, I electronically filed *Second Amended Class Action Complaint For Damages and For Declaratory Judgment* with the Clerk of Court using the EM/ECF system in which will automatically send e-mail notification of such filing to the following attorneys of record:

John J. Dalton, Esq.
Kevin A. Maxim, Esq.
Merle R. Arnold, III, Esq.
**TROUTMAN SANDERS, LLP**
5200 Bank of America Plaza
600 Peachtree Street, N.E.
Atlanta, Georgia 30308-2216

and via first-class U.S. mail, correct postage pre-paid, to the following attorney:

Matthew F. Barr, Esq.
**HAWKINS & PARNELL, LLP**
4000 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, Georgia 30308-3243

Dated this 29th of July, 2005.

                                              /s/   Roger W. Orlando
                                              Roger W. Orlando, Esq.
                                              Orlando & Kopelman, P.C.
                                              Suite 400
                                              315 West Ponce de Leon Avenue
                                              Decatur, GA  30030