# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| BILL MARTIN, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION FILE NO. |
| | ) | 1:05-CV-835-CC |
| | ) | |
| v. | ) | JOINT MOTION FOR |
| | ) | PRELIMINARY APPROVAL |
| BIOLAB, INC., et al., | ) | OF SETTLEMENT RE: |
| | ) | DEFENDANT GALLAGHER |
| Defendants. | ) | BASSETT |

The Martin Plaintiffs and Defendant Gallagher Bassett Services, Inc. (Gallagher Bassett), hereby move the Court for preliminary approval of their agreement to settle any and all claims against Gallagher Bassett arising out of its involvement in events commencing with a May, 2004, chemical fire in Conyers, Georgia.

Gallagher Bassett was employed by one or more of the other Defendants in this case in connection with claims of persons affected by the fire. As a result of that employment, Gallagher Bassett issued checks to a large number of claimants. Unfortunately, according to the settlement proposed here, Gallagher Bassett inadvertently and unintentionally printed language on either the checks and/or

check stubs issued to approximately 1,695 (one thousand, six hundred and ninety-five) claimants which could be interpreted to operate as a release of claims.

The <u>Martin</u> Plaintiffs' claims against Gallagher Bassett include the allegation that by accepting checks with the aforementioned release language, claimants may have mistakenly released and or settled claims even though they never intended to do so. The settlement is proposed to redress that allegation, among other purposes, as follows:

1. With regard to checks and/or check stubs issued by Gallagher Bassett to any claimant that contain language that could be interpreted as a settlement or release of claims, the Parties agree that the release language or settlement language was mistakenly contained in the checks/stubs issued by Gallagher Bassett, and that it was never intended for the checks or the stubs to operate as a release of claims or a settlement of any claims.

2. With regard to checks and/or check stubs issued by Gallagher Bassett to any claimant that contain language that could be interpreted as a settlement or release of claims, the Parties agree that such language is a mutual mistake, is unenforceable, and does not operate as a release or a settlement.

3. With regard to checks and/or check stubs issued by Gallagher Bassett to any claimant that contain language that could be interpreted as a

settlement or release of claims, the Parties agree that Gallagher Bassett has provided to Plaintiffs a list of all those claimants (names and, if available, addresses and phone numbers) who may have received the check/stubs that are the subject of this Agreement.

4. With regard to checks and/or check stubs issued by Gallagher Bassett to any claimant that contain language that could be interpreted as a settlement or release of claims, the Parties agree to execute and file a Settlement Plan and Agreement for the purposes of (a) the settlement, and (b) obtaining court approval of a temporary class certification for settlement purposes only under FRCP, Rule 23(b)(2).

5. The Plaintiffs agree that Gallagher Bassett has not waived any defenses, claims, or counterclaims by jointly submitting this motion. Gallagher Bassett denies that it negligently or intentionally committed any wrongful or tortious acts or omissions, or breached any duties of any kind whatsoever, and further denies that it is in any way liable to any class member, or individual plaintiff, and avers, to the contrary, that it acted lawfully. Moreover, Gallagher Bassett denies that any valid case or controversy exists in this action and denies that it is a "primary defendant," but has agreed to enter into the settlement to avoid further litigation expense. Plaintiffs further stipulate that should this

settlement not be approved, or is otherwise not consummated, Gallagher Bassett may assert any affirmative defenses that it may have, including but not limited to lack of subject matter jurisdiction, and Plaintiff will not assert that Gallagher Bassett is estopped or prohibited from raising said defenses on the basis that it engaged in attempts to settle claims in this lawsuit.

6. Gallagher Bassett agrees to pay attorney fees and costs associated with the prosecution of these class claims. It is further understood that a detailed agreement between the parties shall be provided in the Settlement Plan and Agreement, that Court approval is necessary pursuant to FRCP, Rule 23, and that a fairness hearing may be necessary.

This joint motion is supported by a separately filed Memorandum in Support of Joint Motion for Preliminary Approval of Settlement. The Parties have attached the Settlement Plan and Agreement and a proposed notice of settlement to that memorandum for the Court's review.

Respectfully submitted,

ORLANDO & KOPELMAN, P.C.

_____
Roger W. Orlando, Esq.
Gorgia Bar No. 554295

Orlando & Kopelman, P.C.
315 West Ponce de Leon Ave.
Suite 400
Decatur, GA 30030
Telephone: (404) 373-1800
*Counsel for Plaintiffs*

        Hawkins & Parnell, LLP

        _____
        Matthew F. Barr
        Georgia Bar No. 039481

Hawkins & Parnell, LLP
4000 Suntrust Plaza
303 Peachtree Street, N.E.
Atlanta, GA 30308-3243
Telephone: (404) 614-7000
*Counsel for Gallagher Bassett Services, Inc.*

## LOCAL RULE 7.1(D) CERTIFICATION

The undersigned counsel for Gallagher Bassett hereby certifies that the foregoing JOINT MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT RE: DEFENDANT GALLAGHER BASSETT has been prepared in accordance with one of the font (Times New Roman) and point selections (14 pt) approved by the Court in Local 5.1(B) and (C).

    Respectfully submitted, this ____ day of March, 2006 by:

                            _____

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Bill Martin, et al. ) | |
| ) | |
| Plaintiffs, ) | CIVIL ACTION FILE NO. |
| ) | 1:05-CV-835-CC |
| ) | |
| vs. ) | |
| ) | CERTIFICATE OF SERVICE |
| BioLab, Inc., et al ) | |
| ) | |
| Defendants ) | |

I hereby certify that on March 3rd, 2006, I electronically filed JOINT MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT RE: DEFENDANT GALLAGHER BASSETT with the Clerk of Court using the EM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

John J. Dalton
Kevin A. Maxim
Merle R. Arnold, III
Troutman Sanders LLP
5200 Bank of America Plaza
600 Peachtree Street, N.E.
Atlanta, Georgia 30308-2216

W. Lewis Garrison, Jr., Esq.
Heninger Garrison Davis, LLC
2224 First Avenue North
Birmingham, AL 35203

Roger W. Orlando, Esq.
Richard Kopleman, Esq.
Orlando & Kopelman, P.C. Suite 400
315 West Ponce de Leon

Decatur, GA 30030

M. David Karnas, Esq.
Bellovin & Karmas, P.C.
100 North Stone Road
Eleventh Floor, Suite 1105
Tucson, Arizona 85701

Henry T. Dart, Esq.
Henry Dart, Attorneys at Law, P.C.
410 North Jefferson Street
Covington, LA 70433

Barry G. Reed, Esq.
Zimmerman Reed, PLLP
14646 N. Kierland Blvd., Suite 145
Scottsdale, AZ 85254

    I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

Barry L. Bellovin
Bellovin & karnas, P.C.
Suite 1105
100 North Stone Avenue
Tucson, AZ 85701

William F. Kiniry, Jr.
DLA Piper Rudnick Gray Cary US LLP
Suite 4900
1650 Market Street
Philadelphia, PA 19103

Seth Cortigene, Esq.
The Cortigene Law Firm
Suite 190
1200 State Highway 146 South
LaPorte, TX 77571

Mark A. Tate, Esq.
Carter & Tate, P.C.
P.O. Box 9060
Savannah, GA 31412

John C. Dougherty
DLA Piper Rudnick Gray Cary US LLP
6225 Smith Avenue
Baltimore, MD 21209-3600

Joel R. Penton
Henry Dart, Attorneys At Law, P.C.
510 North Jefferson Street
Covington, LA 70433

This the 3/ day of March, 2006, by

_____
Roger W. Orlando, Esq.
Gorgia Bar No. 428115

Orlando & Kopelman, P.C.
315 West Ponce de Leon Ave.
Suite 400
Decatur, GA 30030
Telephone: (404) 373-1800